## WEBBER and others vs. QUAW.

TORTS: WRONGFUL CUTTING OF TIMBER. *(1) When cause of action for tort assignable. (2) "Wrongful" cutting: ch. 263 of 1873 construed. (3) Rule of damages. (4) Cutting "by mistake."*

1. Under the statutes of this state, a cause of action for entering upon land and cutting and carrying away timber therefrom (like every other cause of action for tort, which survives to the personal representative), is *assignable*, so that the action must be brought in the name of the assignee.
2. Where logs are cut by one person from the lands of another without any legal right, although by mere *mistake*, they are *wrongfully* cut, within the meaning of sec. 1, ch. 263, Laws of 1873.
3. The invariable rule of damages in all actions for such unlawful cutting, as fixed by the statute, is the highest market value of the logs or timber between the cutting and the trial, unless the defendant, within the time there limited, serve upon plaintiff an affidavit that the cutting was done by mistake, and tender judgment as prescribed in the act.
4. Whether, where such cutting has been done by one who believed, on reasonable grounds, though erroneously, that he had a license from the owner, this is such a "mistake" as the statute contemplates, is not here determined.

APPEAL from the Circuit Court for *Marathon* County.

Action for damages for cutting, carrying away and converting timber. Defendant appealed from a judgment in favor of the plaintiffs. The errors alleged will sufficiently appear from the opinion.

Briefs by *Silverthorn & Hurley*, for the appellant, and *Patchin & Weed*, with *G. W. Cate*, of counsel, for the respondents; and oral argument by *Mr. Silverthorn* and *Mr. Cate*.

ORTON, J. This action is for damages for cutting, carrying away and converting 400,000 feet of certain pine logs and timber; and the answer virtually alleges that such cutting was done by permission and license from the owner of the land.

The first exception in the record, but which was not urged upon the argument, was to the admission of the assignment,

to the plaintiffs, of the cause of action; which may have been objected to on the ground that it was not assignable, although the record does not disclose what objection was made to its admissibility. The assignability of choses in action was not allowed at common law, as being against public policy and the statutes against champerty and maintenance; but this rule of the common law has been gradually relaxed, until not only *choses in action* founded on contract, but also for torts to property and injuries to the estate, were held assignable so as to pass to the assignee in equity. *Arden v. Patterson*, 5 Johns. Ch., 50. And finally the rule seems to have been adopted, without regard to former reasons or prohibitions, in all cases not strictly within the statute against champerty, that all *choses in action* which survive the person, and vested rights *ad rem* and *in re*, possibilities coupled with an interest, and claims growing out of and adhering to property, may pass by assignment. *Comegys et al. v. Vasse*, 1 Peters, 213.

It seems now to be recognized as a test of the assignability of *choses in action* for torts, that they survive to the personal representatives. Burrill on Assignments, § 103; *Jordan v. Gillen*, 44 N. H., 424. The provisions of our statute, found in sec. 12, ch. 122, and sec. 2, ch. 134, R. S. 1858, have received such construction, both in the state of New York and in this state, that this and all like causes of action are assignable, so as not only to allow but require the action to be brought in the name of the assignee, as the real party in interest. *Butler v. New York & Erie R. R. Co.*, 22 Barb., 110; *McKee v. Judd*, 12 N. Y., 622; *Tyson v. McGuineas*, 25 Wis., 656; *Noonan v. Orton*, 34 Wis., 259; *McArthur v. Green Bay & Miss. C. Co.*, 34. Wis., 151.

It will be observed that the defense relied upon is solely, that the cutting of the logs charged was done by purchase, permission and license; and, if it had been sustained by the evidence, the defense was complete, and the act charged was no trespass.

The defense does not go merely to the mitigation of an acknowledged trespass, or to the character of the act as being technically unlawful merely, or intentionally or willfully wrong. The instruction asked and refused, and the refusal of which is the only error relied upon in the argument, seems to be based upon a conceded right of recovery in the plaintiffs, and only asks for a rule of damages, claimed to be applicable to the facts of the case, by which the plaintiffs should only recover the value of the logs and timber at the time of the cutting or conversion, as the damages, and not the highest market value of the same at any time since, as charged by the court. The instruction was: "If you find, from the evidence, that the defendant, at the time of the cutting, had reasonable grounds to believe, and did believe, that he had permission of the owner of the land, or his authorized agent, to go on and cut and take the timber in controversy, although contrary to the understanding of such owner or agent, then such cutting and taking was not wrongful, as contemplated by law, and the measure of damages prescribed by statute in case of wrongful cutting of timber should not apply to the case, and you may find the plaintiffs' damages as in cases of involuntary trespass." The statute, sec. 1, ch. 263, Laws of 1873, fixes the rule of damages in actions brought to recover the value of logs *wrongfully* cut from the lands of the plaintiff, at the highest market value of such logs or timber between the time of such cutting and the trial of the action; but provides that the defendant in such a case may relieve himself from the application of this rule of damages, by serving upon the plaintiffs an affidavit, stating that such cutting was done *by mistake*, and by a tender of judgment for the value of such logs or timber at the time of such cutting, with interest thereon to the time of the tender; and further provides for the trial of an issue to be formed upon such allegation of mistake, in case such tender is refused.

This case was not tried by the appellant upon the theory of

this statute, and the benefit of the statute was not claimed, nor were any steps taken to bring the case within its provisions; but it was insisted that it did come within the statute, or the rule of damages fixed by the statute, because the trespass complained of was unintentional and involuntary.

Without attempting to define the word *wrongful*, as used in statutes, civil or criminal, in connection with the great variety of subjects which, from their peculiar nature, may serve to modify its technical meaning, and express the intention of the legislature in using it, we think it is perfectly clear that, as here used, it means any unlawful or unauthorized cutting of logs or timber upon the lands of another, or any act of this description which is a civil wrong, or without right. To give sense to the statute, this must be its meaning, for the statute clearly implies that such cutting may be *wrongful*, and yet done by *mistake*. It is conceded by the learned counsel of the appellant, that this statute was enacted in view of the rule of damages in such cases established by the decisions of this court, in which the distinction between cases of willful and common trespass and compensatory and exemplary damages is maintained. This is unquestionably true, and this reason for the enactment of the statute is recognized in *Webster v. Moe et al.*, 36 Wis., 75, in a case which arose before the statute, but in which the court thought proper, in view of the statute then in force and affecting future cases, to apply substantially the statutory rule. In that case, Mr. Justice COLE, in the opinion, says: "The evidence showing under what circumstances the trespass was committed, is not before us. Therefore, whether the timber was cut through some mistake on the part of the defendant as to the title or boundaries of the land, or intentionally or even wantonly, we do not know;" and yet the statute rule was practically applied, which would seem to be an authoritative construction of the statute, that it embraced all of this class of trespasses, irrespective of circumstances showing intention

or mistake. Whether the case made by the defendant in his answer, and attempted to be proved, was such a mistake as is contemplated by the statute, and which, if set up as the statute directs, would mitigate the amount of damages, we do not decide; for this question is not raised by any steps taken by the defendant under the statute, to bring himself within the rule of the lesser amount of damages, and the case must therefore stand and be decided upon the position assumed, that it does not come within the statute. It may, however, be proper to say, that the instruction asked would seem to imply that the case, by the answer and evidence, had been brought within the rule of the statute in case of a mistake, without making the affidavit and tender required by the statute in such case; thus asking for the application of the statutory rule of damages, as in case of mistake, without pursuing the statute.

The defense might perhaps have been embraced within the meaning of the word *mistake*, as used in the statute, and the benefit of the statute secured, if its directions had been pursued; for the ordinary definition of *mistake* embraces "any unintentional act, or any omission or error arising from ignorance, surprise, imposition or misplaced confidence" (2 Burr. Law Dic., 202; 1 Story's Eq. Jur., § 110); and the language of the opinion above cited would seem to imply that such mistake might embrace matters of *title*, as well as of boundary.

We hold, therefore, that the statute, both in terms and intention, comprehends all cases of unlawful and unauthorized cutting of logs and timber on the lands of another, or where such cutting is done without right, and fixes the invariable rule of damages in all such cases as the highest market value of such logs or timber between the time of such cutting and the trial of the action, unless the defendant, within ten days after the service of the complaint in such action, serve upon the plaintiffs an affidavit that such cutting was done by mistake, and tender judgment as required by the statute. This

course not having been pursued by the defendant, this invariable rule of the statute must govern, and the instructions given by the circuit court were correct, and the refusal to give the instruction asked was not error.

*By the Court.* — The judgment of the circuit court is affirmed, with costs.