Everett vs. Gores.

89   421
s92   528

Everett, Appellant, vs. Gores, Receiver, Respondent.

*January 12 — February 5, 1895.*

*Wrongful cutting of timber: Measure of damages: Violation of contract: Receivership: Costs.*

1. Sec. 4269, S. & B. Ann. Stats., providing for the recovery of the highest market value of the manufactured product of timber wrongfully cut from plaintiff's land, applies where a person, having a right under a contract to go upon the land and cut certain timber, cut other timber which he had agreed not to cut.

2. Though the statute authorizes such recovery in "actions" brought against the wrongdoers, it may be had upon a claim presented for allowance to a receiver of the property of the wrongdoer appointed after the cause of action accrued.

3. Upon the allowance of such a claim, although it was contested by the receiver, the claimant is not entitled to costs as a matter of right. [Whether the court has discretionary authority to award costs to him, not determined.]

· ·APPEAL from a judgment of the county court of Winne-
·bago county: C. D. CLEVELAND, Judge. *Reversed.*

Peter Schmit, Henry Schmit, and William Poole were co-
partners doing business under the firm name of Schmit Bros.
& Co.; and *J. B. Everett* was the owner in fee of the lands
described. On December 1, 1885, the said *Everett* entered
into an agreement with the said Schmit Bros. & Co., wherein
Schmit Bros. & Co. agreed, in effect, to pay to said *Everett*
$1,050, at the times and in the manner designated, as the
purchase ·price of the pine on the lands described. Said
agreement contained the following clause, to wit: " Schmit
Bros.·& Co. are to·cut no 'pine less than ten inches at the
top, and to be cut and taken off from the land·within four
·years ·from ·this date." ·On· July .15, .1889; *John B. Gores*
was appointed by the county court of Winnebago county
the receiver of all the partnership business, property, and
effects of said firm. ·· On·January 23,·1893, the said *Everett*
presented in said county court his claim or complaint, alleg-
ing, in effect, the facts stated, and that between January 1,
1886, and December, 1889, the said Schmit Bros. & Co. un-
lawfully cut and removed from said premises 40,000 feet of
pine, to the damage of said *Everett* in the sum of $400, no
part of which had been paid, and demanded judgment for
that amount with interest. *Gores*, as such receiver, an-
swered said complaint, denying any and all liability.

At the close, of the trial the court found, in addition to
the facts stated, that during the winter of 1885 and 1886
the said Schmit Bros. & Co. wrongfully and unlawfully, in
violation of the terms of said contract, cut and removed from
said premises 40,000 feet of pine which cut at the top less than
ten inches, the property of said *Everett*, the same being· cut
prior to March 1, 1886; that said pine logs were hauled to
the mills of Schmit Bros. & Co., and manufactured into
lumber by them; that the value of the lumber so manu-
factured out of said logs at the mill was $10 per 1,000 feet;

that the stumpage value of the same was $3 per 1,000 feet. And as conclusions of law the court found, in effect, that said *Everett* was entitled to a judgment against the defendant for the sum of $120 and interest thereon at seven per cent. from March 1, 1886, to April 1, 1893, and six per cent. thereafter; that the plaintiff was entitled to a judgment for said principal and interest. Judgment was thereupon entered for that amount of damages, but without costs. From that judgment the said *Everett* appeals.

*B. E. Van Keuren,* for the appellant, argued, among other things, that the facts bring this case within the provisions of sec. 4269, R. S., as amended. *Webber v. Quaw,* 46 Wis. 118; *Haseltine v. Mosher,* 51 id. 448; *Brown v. Bosworth,* 58 id. 388; *Smith v. Briggs,* 64 id. 498; *Stringham v. Cook,* 75 id. 590. If the plaintiff is not entitled to costs, it must be from the technical reason that the prosecuting of this claim to final judgment is not an action within the meaning of secs. 2918, 4269, R. S. The filing of a claim in a receivership is analogous to the filing of a claim in county court against the estate of a deceased person, and is to all intents and purposes a civil action or suit at law. *Boyce v. Foote,* 19 Wis. 199; *Jones v. Estate of Keep,* 23 id. 45; *Frawley v. Cosgrove,* 83 id. 443.

*John W. Hume,* for the respondent.

CASSODAY, J. It is undisputed that Schmit Bros. & Co. cut 40,000 feet of pine from the land less than ten inches at the top. Such pine was expressly reserved by *Everett* in the contract. The value of such pine was $3 in the stump and $10 when manufactured into lumber. The trial court refused to allow judgment for the larger amount, and ordered judgment for the smaller amount. The statute provides, in effect, that in all actions to recover the value of timber wrongfully cut upon the land of the plaintiff the highest market value of such timber in whatsoever place, shape, or

condition, manufactured or unmanufactured, the same shall have been at any time before the trial, while in the possession of the trespasser, shall be found or awarded to the plaintiff if he succeed, except as therein otherwise provided. Sec. 4269, S. & B. Ann. Stats. The exception thus provided for is to the effect that if the defendant, "at or before the time of the service of his answer, serve on the plaintiff his affidavit that such cutting was done by mistake, and therewith an offer in writing to allow judgment to be taken against him for the sum therein specified with costs," and the plaintiff fails to accept such offer, and upon the trial it is found that such cutting was by mistake, then the plaintiff's recovery must be limited to the stumpage value of the timber so cut. No such affidavit was here served. No excuse is given for failing to serve such affidavit. It does appear that one of the firm of Schmit Bros. & Co. has died since the making of the contract, but it does not appear that he was in fact the wrongdoer, or that he was the only person capable of making the affidavit; and hence the case is distinguishable from *Cotter v. Plumer*, 72 Wis. 476. We must, therefore, assume that the cutting was wrongful.

It is contended, however, that the statute only applies where a person wrongfully goes upon the land of another; that here Schmit Bros. & Co. had, under the contract, the right to go upon the lands in question and cut certain timber, and that they simply violated their contract by cutting what they had agreed not to cut; and hence that the claim is, in effect, for damages for such breach of the contract. But they had no more right to cut the timber thus expressly reserved in the contract than they would have had to cut upon other lands belonging to *Everett*. True, Schmit Bros. & Co. might have cut with much more certainty had the limit of the timber to be cut been fixed in the contract by a measurement at the butt; that is to say, there was necessarily more or less uncertainty as to whether a given tree

would or would not cut less than ten inches at the top. But this was a mere inconvenience, and necessarily broadened the opportunities for mistake. Had the cutting been a mere mistake, an affidavit might have been made to that effect, and thus the liability therefor limited to the stumpage value. Since no such affidavit was made, we must assume that such cutting of the timber so expressly reserved was intentional.

It is true that the statute authorizes the recovery of the highest market value of the manufactured product of the timber so cut in "actions" brought against the wrongdoer. But the statute goes to the right of action, and not necessarily to the form of the remedy. Where, as here, the cause of action has accrued, we do not think the recovery should be defeated merely because the property of the wrongdoers has been put in the hands of a receiver, and the person who has sustained the loss has presented his claim for allowance. The claim for the largest amount found by the court, with interest, should have been allowed.

The right to recover costs in an action or proceeding in this state is purely statutory. No statute is cited which gives to the claimant here costs as a matter of right. Unless there is such a statute, therefore, the claimant is in no position to claim costs as a matter of right. Whether the trial court had the discretionary authority to allow costs was not discussed and is not determined.

*By the Court.*— The judgment of the county court is reversed, and the cause is remanded with direction to enter judgment in favor of the claimant as indicated in this opinion.