JESKE and another, Appellants, vs. HOTZ MANUFACTURING COMPANY and another, Respondents.

*March 10—June 12, 1941.*

For the appellants there were briefs by *Eberlein & Eberlein* of Shawano, and oral argument by *M. G. Eberlein*.

For the respondents there was a brief by *Fischer, Brunner & Strossenreuther* of Shawano, and oral argument by *L. J. Brunner*.

The following opinion was filed April 15, 1941:

ROSENBERRY, C. J.    Upon this appeal Jeske and Aderman contend that the defendants breached the contract with Jeske. That matter, however, is clearly foreclosed by the judgment on the first trial.   Jeske and Aderman next contend that the court erred in directing judgment for the amount remaining due on the mortgage.   The judgment was entered against Aderman upon the theory that the value of the mortgaged timber sold and disposed of by Aderman was largely in excess of the amount due upon the mortgage, and this matter will be discussed in connection with the measure of damages.

It is next contended that the court erred in not awarding damages to Jeske and Aderman on account of the breach of contract on the part of the defendants.   This contention is also disposed of by the findings and determination made upon the first appeal.

The plaintiffs contend that the evidence does not sustain the finding of the trial court as to the amount of damages. This depends upon whether the defendants are entitled to recover under sec. 331.18, Stats., or whether the rule applicable in trover is to be followed.   By sec. 331.18 it is provided that in all actions to recover damages for timber wrongfully cut, the highest market value of such logs, timber, or lumber, in whatsoever place, shape, or condition, manufactured or unmanufactured, the same shall have been at any time before

the trial, while in the possession of the trespasser, shall be found or awarded to the plaintiff if he succeeds.

Referring now to Exhibit 1, it appears that the license to enter and cut was given by Matt Stoehr to the defendants, the contract providing:

"The party of the second part [defendants] shall have the right to enter upon and remove the said timber at any time within two years from date hereof."

The arrangement between Jeske and the defendants was that Jeske should cut and deliver timber of the specified dimensions and to receive therefor the agreed price. The arrangement between Jeske and the defendants contained no specific provision in regard to right of entry. The title to the land upon which the timber stood remained in Stoehr. When Aderman, with notice of the defendants' rights in the timber and their exclusive right to enter, went upon the lands and cut the timber, there can be no doubt that as to the defendants, the timber was wrongfully cut, Aderman having no license to cut from anyone. He had none from Jeske because Jeske entered under the license of the defendants. While the arrangement between Jeske and the defendants has been held to be a mortgage, the parties had certain contractual rights and obligations not ordinarily found in a mortgage. It is apparent from the arrangement that the main purpose of the defendants was to procure the delivery of timber for use in their plant and not merely to put out their funds upon interest. Jeske's right was limited to entering upon the lands for the purpose of cutting the timber for delivery to the defendants under his contract. His obligation under the contract did not terminate when the $500 was repaid. He was under a duty to cut and deliver all of the timber of the specified dimensions. Sec. 331.18, Stats., has been held to apply to a wrongful cutting by one rightfully in possession of lands upon which the

timber stood. *Everett v. Gores* (1895), 89 Wis. 421, 62 N. W. 82; *Webber v. Quaw* (1879), 46 Wis. 118, 122, 49 N. W. 830.

In *Webber v. Quaw* the court said:

"We hold, therefore, that the statute, both in terms and intention, comprehends all cases of unlawful and unauthorized cutting of logs and timber on the lands of another, or where such cutting is done without right, and fixes the invariable rule of damages in all such cases as the highest market value of such logs or timber between the time of such cutting and the trial of the action," except where a statutory affidavit is filed.

The cutting by Aderman having been as to the defendants wrongful, the statutory rule applies, and the trial court correctly assessed the damages.

Plaintiffs also seek to secure a review of rulings made on the first appeal. Those matters are not open to review upon this appeal. The time within which the timber could be removed having expired, the mandate of this court in effect directed that judgment be entered for defendants for the amount remaining due on account of the mortgage. The judgment complies with the mandate.

*By the Court.*—Judgment affirmed.

A motion for a rehearing was denied, without costs, on June 12, 1941.