## STATE v. JOHN SHARP.[1]

### May 16, 1913.

### Nos. 18,052—(8).

**Bank act constitutional.**

1. Chapter 201, Laws 1909, creating and establishing a department of

[1] Reported in 141 N. W. 526.

banking, providing for a superintendent of banks, defining his powers and providing for a system of examination, audit and control of state banks, is constitutional. The provisions of the act relating to penalties do not offend against section 27, article 4, Minnesota Constitution, which provides: "No law shall embrace more than one subject, which shall be expressed in its title." They are all germane to the general subject expressed in the title. This is all the Constitution requires.

**Making false report a felony — knowledge of facts.**
2. This statute makes it a felony for an officer of a bank to withhold any information called for by the superintendent of banks for the purpose of examination and ascertaining the true condition of the bank. If the president of a bank makes a false report in response to a call made by the superintendent of banks for information upon specific facts, the offense is committed. It is his business to know whether the reports he makes are true or false. He cannot be heard to say that he possessed no knowledge of the truth or falsity of the reports.

**Requisites of indictment.**
3. All that is required in an indictment is a statement of essential facts in plain and unambiguous language. Technical form is not important. Under the statutes of Minnesota no indictment is insufficient by reason of any defect in matter of form which does not tend to the prejudice of the substantial rights of the defendant. Tested by these rules, the indictment in this case is sufficient in form.

**Demurrer to indictment.**
4. An indictment will not be held subject to demurrer because of mere verbal inaccuracies or breaches of grammatical construction.

Defendant was indicted by the grand jury for Faribault county of the offense of withholding certain information requested by the state superintendent of banks concerning the State Bank of Commerce of the Village of Winnebago. Defendant demurred to the indictment on the ground (1) that it did not substantially, or at all, conform to the requirements of sections 5297 to 5300, both inclusive, as qualified by section 5305, of R. L. 1905, and (2) that the facts stated in the indictment did not constitute a public offense. The court, *Quinn,* J., overruled the demurrer and certified to this court the question whether the trial court erred in overruling the demurrer to the indictment. Affirmed.

*Lyndon A. Smith,* Attorney General, *Alexander L. Janes,* Assistant Attorney General, and *H. T. Bullis,* County Attorney, for plaintiff.

*Dunn & Carlson, Andrew C. Dunn* and *W. H. Hodgman,* for defendant.

HALLAM, J.

Defendant was indicted by the grand jury of Faribault county for the offense of withholding certain information, called for by the state superintendent of banks, under chapter 201, p. 228, Laws 1909.[1] He demurred to the indictment. The trial court overruled the demurrer and certified the case to this court. Several objections are raised.

1. It is contended that this act is unconstitutional, because some of its essential provisions, particularly its penal provisions, are not expressed in the title, and the act accordingly offends against the constitutional provision that "no law shall embrace more than one subject, which shall be expressed in its title." Section 27, article 4, state Constitution. We cannot sustain this contention. This act is entitled:

"An act to create and establish a department of banking and to provide for a superintendent of banks * * * defining the powers * * * of such superintendent of banks * * *, and to provide for a system of examination, audit, and control of state banks. * * * *"

The act provides that the superintendent of banks may examine any of the officers, directors, trustees, owners, agents, clerks, customers, or depositors of any state bank touching its affairs and business; may issue subpoenas and cause them to be served and enforced; that all officers, directors, trustees, and employees of such banks and all persons having dealings with or knowledge of the affairs or methods of such institutions shall, at all times, afford reasonable facilities for examination, make such returns and reports to the superintendent of banks as he may require, produce and exhibit such books, accounts,

[1] [R. L. Supp. 1909, §§ 2126–1 to 2126–14.]

documents and property as he may desire to inspect, and in all things aid him in the performance of his duties. It further provides that every person who shall refuse or neglect to obey any lawful direction or order of the superintendent of banks, withhold any information, book, record, paper or other thing called for by him for the purpose of examination and ascertaining the true condition of the corporation, shall be guilty of a felony.

It is true the title does not in terms mention any of these penal provisions. But this is not necessary. This court has several times held that it is not necessary that the title of an act should make reference to the penalties provided therein if they are germane to the general subject expressed. State v. Boehm, 92 Minn. 377, 100 N. W. 95, and cases therein cited. The title need not be an index or a compendium of the act. "All that is necessary is that the act should embrace some one general subject; * * * that all matters treated of should * * * be so connected with or related to each other, either logically or in popular understanding, as to be parts of, or germane to, one general subject." Mitchell, J. in Johnson v. Harrison, 47 Minn. 575, 577, 50 N. W. 924, 28 Am. St. 382.

"If the legislature is fairly apprised of the general character of an enactment by the subject as expressed in its title, and all its provisions * * * are such as, by the nature of the subject so indicated, are manifestly appropriate in that connection, and as might reasonably be looked for in a measure of such character, then the requirement of the Constitution is complied with. It matters not that the act embraces technically more than one subject, one of which only is expressed in the title * * * so that they are not foreign and extraneous to each other, but 'blend' together in the common purpose * * * sought to be accomplished by the law." Cornell, J., in State v. Cassidy, 22 Minn. 312, 324, 21 Am. Rep. 765.

The penal provisions of this act are germane to the general subject of the act as expressed in its title. Penal provisions of some sort are manifestly a necessary incident of any system of superintendence, examination or control of banks, and we hold that the provisions of this act are embraced within its title.

2. It is contended that the particular acts charged in the indict-

ment do not constitute the offense of "withholding information" within the statute. The indictment charges in substance, that defendant was president of the State Bank of Commerce of Winnebago, a state bank; that the superintendent of banks did duly call for, from him, for the purpose of examining and ascertaining the true condition of the said bank, a report showing in detail the assets and liabilities of said bank at the close of its business on February 20, 1912. "Said report, so called for, among other things, requested information therein," as to the amount of notes rediscounted by said bank, the amount of cash on hand, and the amount of the overdrafts of said bank, which said information so called for from said defendant was necessary and essential to ascertain the true condition of said bank; that defendant did unlawfully, wrongfully and feloniously withhold certain information so called for in this: By failing in said report to the superintendent of banks to report any notes rediscounted by said bank, whereas in fact said bank had notes rediscounted in an amount exceeding $10,000; by stating that the cash on hand was the sum of $9,161.59, whereas in fact the sum at that time was $6,161.59; and by reporting that the amount of overdrafts on said day was $1,977.24, whereas in fact it was $4,977.24. It is not contended that such omissions and mis-statements might not under some circumstances constitute a withholding of information. The contention is, that the offense of withholding information is not committed unless the same is wilfully withheld, that a person cannot be guilty of withholding any information unless he possesses such information, that a false report which the person making it does not know to be false, or a failure to state facts called for which he does not know to exist, cannot constitute an offense within this statute.

We cannot place so narrow a construction upon this statute. The statute does not make actual knowledge or criminal intent an essential ingredient of this offense. Of course at common law intent to commit a crime is of the essence of the crime, and as a general rule when an act is made an offense by statute the statute is to be construed in the light of the common law, and the existence of a criminal intent is held essential. But this depends on the subject matter and the language of the statute, and when without reference to knowledge

121 M.—25.

or intent the statute makes an act an offense, any person who does the forbidden act violates the law, regardless of his knowledge or intent. State v. Heck, 23 Minn. 549. The question of intent is not material in this class of statutory offenses. Such statutes are in the nature of police regulations and impose a penalty irrespective of intent to violate them, the object being to require a degree of diligence for the protection of the public which shall render violation impossible. The statute makes the act criminal without regard to the intent. The gist of the offense was the withholding of information and the offense was committed if the defendant made a false report in response to a call for true information. The statement that such report was wilfully false was unnecessary. State v. Edwards, 94 Minn. 225, 102 N. W. 697, 69 L.R.A. 667; State v. Quackenbush, 98 Minn. 515, 108 N. W. 953; United States v. Allen, 47 Fed. 696, 699.

The construction contended for by defendant as applied to reports made by the executive officers of the bank would almost wholly destroy its effectiveness. This bank was the custodian of the funds of its depositors. Its principal business was to invest and safeguard those funds. This defendant was the chief executive officer of the bank. It was his business to know whether the reports he made were true or false, and he cannot be heard to say that he possessed no knowledge of the truth or falsity of the reports which he makes pursuant to a call of the superintendent of banks.

We hold that the acts charged in the indictment constitute an offense within the statute.

3. It is contended that the indictment does not conform to the form prescribed by R. L. 1905, § 5298; that it is not direct and certain in its allegations as to the offense charged and that there is no direct statement that the defendant committed the acts constituting the offense. The indictment is long, and it is not necessary to set it out here in full. From the statement of its contents made in the last paragraph, it appears that it complies with every substantial requirement of an indictment. It is clear from a reading of it that it fairly and with directness charges the defendant with withholding information called for by the superintendent of banks in three essential particulars; first, as to the amount of overdrafts of the bank;

second, as to the notes rediscounted, and; third, as to the amount of cash on hand. If this document were anything other than a criminal indictment, this would not for a moment be doubted. But there is nothing about a criminal indictment that distinguishes it from other documents in this regard. All that is required is a statement in plain and unambiguous language. Technical form is not important. The statutes of the state provide that formal defects in an indictment shall be disregarded and that "no indictment shall be insufficient, * * * by reason of a defect or imperfection in matter of form which does not tend to the prejudice of the substantial rights of the defendant upon the merits." R. L. 1905, § 5306. Tested by this statute and by the above rules, the indictment in this case is sufficient in form.

4. Attention is called to some verbal inaccuracies and to some breaches of grammatical construction in the indictment. For example, it is charged that the superintendent of banks did duly call for a report showing in detail the assets and liabilities of the bank and that "said report so called for—requested information therein" as to the matters there fully set forth. Of course the above quoted words are technically inaccurate. But the obvious meaning is, that the call was for a report containing such information. No person could be prejudiced or misled by the inaccuracy. Again, the indictment reads, that "said John Sharp did unlawfully, wrongfully and feloniously * * * pursuant to the said call aforesaid, withhold certain information." The language is not well chosen, but the obvious meaning, taken in connection with the charges fully set out, is that the defendant when called upon for information, withheld the information which was thereinafter specifically detailed. There is no room for doubt as to the true meaning of the charge. An indictment will not be held subject to demurrer because of verbal or grammatical inaccuracies of the character mentioned.

Order affirmed.