# STATE v. BROOKS-SCANLON LUMBER COMPANY and Others.[1]

July 11, 1913.

Nos. 18,163—(13).

### Sale of state timber — demand for rescale — action for price — laches.

The state sold to defendant lumber company all the pine timber of certain dimensions standing and growing upon a tract of state land; the lumber company cut and removed the timber under the contract; it was scaled under the direction of the surveyor general of logs and lumber of the proper district, and paid for by the company in accordance with such scale. Subsequently, and over three years from the date of the settlement and payment, the state auditor discovered that an incorrect scale of the timber had been made and reported, and acting under the provisions of chapter 163, Laws 1895, demanded a rescale of the timber as therein provided for. The rescale was thereafter made and disclosed a discrepancy against the state of nearly 3,000,000 feet of timber. In this action to recover the contract price of the timber so unscaled and unreported, it is *held:*

(1) The findings of the trial court are sustained by the evidence.

(2) If the doctrine of laches has any application to the state in any case involving its rights at law, it does not apply to the facts of this case, for there was no unreasonable delay in demanding the rescale after knowledge that the first scale was incorrect.

(3) The duties imposed upon public officers are functions and attributes of the office, and the demand for the rescale was properly made upon the person holding the office of surveyor general at the time it was made.

(4) The officer selected by the state auditor to make the rescale was not disqualified, from the fact that he made a preliminary examination to determine the correctness of the information that the original scale was incorrect.

(5) The findings of the court, to the effect that the rescale was the joint work of the representative of the state auditor and the deputy surveyor general, are sustained by the evidence.

(6) The court below did not err in receiving evidence tending to show that the rescale included timber which defendant lumber company had no right to remove under the contract, nor in deducting the quantity of such timber from the recovery against defendants.

[1] Reported in 142 N. W. 717.

(7) Defendants have not been deprived of their property without due process of law, in violation of the fourteenth amendment of the Federal Constitution or otherwise.

Action in the district court for Hennepin county against defendant lumber company, William O'Brien and F. W. Bonness to recover $20,305.81 upon the bond of defendants for the faithful performance by defendant corporation of the terms of a certain logging permit. The answer alleged that if the state auditor had undertaken to have the timber cut under the permit scaled or rescaled subsequent to the original scale, any such rescale had been made without authority of law, without the knowledge or consent of defendants, by persons unauthorized to make the same, and included timber not included in the permit and bond. The case was tried before McClenahan, J., who made findings and ordered judgment for $15,062.71 in favor of plaintiff. Defendant's motion for amended findings was denied. From an order denying defendant's motion to vacate the order for judgment and grant judgment for defendants or for a new trial, they appealed. Affirmed.

*J. N. Searles* and *R. J. Powell,* for appellants.

*Lyndon A. Smith,* Attorney General, and *Alexander L. Janes,* Assistant Attorney General, for respondent.

BROWN, C. J.

At a public sale held in December, 1903, the state sold to defendant, Brooks-Scanlon Lumber Company, all the pine timber, not less than 8 inches in diameter 24 feet from the ground, standing and growing upon section 16, town 53, range 12, St. Louis county, at the agreed price of $7 per thousand feet. On the day of sale, the usual permit was issued by the state auditor to the lumber company, which by its terms expired or terminated June 1, 1905. The sale was made and the permit issued under and pursuant to the provisions of chapter 163, p. 349, Laws 1895, and subsequent amendatory acts, and the transaction was in all things in compliance therewith. At the time of the issuance of the permit, the lumber company duly executed to the state the bond required by

122 M.—26.

the statute, with defendants O'Brien and Bonness as sureties, conditioned for the faithful performance of and compliance with the terms of the contract. During the life of the permit, the lumber company entered upon the premises and cut and removed therefrom all the pine timber standing thereon. The timber so cut and removed was scaled under the directions of the surveyor general of the Duluth district, in which the land is located. That official reported to the state auditor that there had been cut and removed from the land 5,026,990 feet of pine timber, and the auditor drew his draft upon the lumber company for the sum of $28,397.37, the same being the amount due the state under the terms of the permit. The lumber company paid the draft on June 2, 1905, and the auditor in turn executed to it a bill of sale of the timber. This closed the transactions, and prima facie terminated all rights and obligations under the permit. The timber was cut and removed from the land by J. E. Hurd & Co., acting under contract with and for the lumber company. Hurd & Co. had in its employ during the logging season one William E. Stack, who, after release from his employment, reported to the state auditor some time in the fall of 1908, that an incorrect scale of the timber removed from the land had been made, and that much more timber had been taken than had been reported or paid for by the lumber company. Upon receipt of this information, the auditor immediately inquired into the matter and, acting under the authority of the statute in such cases provided, caused a rescale to be made, termed in the record a "top and stump" scale, from which it appeared that 7,927,820 feet of timber had been removed from the land, or nearly 3,000,000 feet more than had been reported by the surveyor general. The result of the rescale was submitted to the lumber company, and payment demanded for the quantity of timber actually taken and which was not included in the original scale and report by the surveyor general. Payment was refused, and the state thereafter brought this action to recover the amount so claimed to be due.

The cause was tried below without a jury, and the court made findings of fact and conclusions of law favorable to the state, and ordered judgment for the sum of $14,756.33, with interest, the sum

of $306.38 the cost and expense of the rescale, together with the costs and disbursements of the action. The court found the facts, substantially as here stated, and that the rescale of the timber taken exceeded the quantity reported by the surveyor general by 2,900,830 feet, but further found that of the timber so taken 792,782 feet represented timber under the dimensions authorized by the permit to be cut and removed, and the amount thereof was excluded from the recovery, and defendants are not charged therewith by the judgment. Defendants thereafter moved the court for amended findings of fact, for judgment in their favor, or for a new trial of the action. The motion was in all respects denied and defendants appealed.

1. The statute under which this sale of timber was made is quite full and complete, defining the rights, duties and obligations of the parties definitely and with certainty. Among other things, it provides that the scale by the surveyor general of the timber shall be final and conclusive of the quantity removed, "provided, however, that state land commissioner (state auditor) may question the correctness of any scale made by the surveyor general, and cause a rescale to be made in the manner and form as provided for in section 27." Section 27 provides the form and method of such rescale, and we discover from the record no defect in such proceedings in the case at bar. The steps made necessary and requisite to a rescale were all taken in substantial conformity with the statute, with the result already stated. The court found that the auditor did question the original scale immediately upon being informed that more timber had been taken from the land than was reported, and that his proceedings in that respect were in all things regular. We hold that the findings in this respect, as well as upon all other issues in the case, are amply supported by the evidence, and cannot be disturbed.

2. It is contended by defendants that the rescale was unauthorized and ineffectual for any purpose for the reasons, (a) that the right of the state to a rescale was lost by laches and delay; (b) that the demand for the same was not made upon the proper officer; (c) that an improper and disqualified person was employed to make the

rescale, and (d) that the work of rescaling was insufficiently, inadequately and improperly performed.    We are unable to sustain any of these contentions.

(a) The auditor exercised the right to demand a rescale immediately or soon after being informed that the original scale was incorrect.  This was something over three years after the settlement under the first scale.  The contention that the right of rescale was lost by delay is clearly unsound.  In actions at law, governed by express statute of limitations, the doctrine of laches is seldom applied, has often been said to have no application at all, and that nothing short of the statutory limitation will bar the right of action. Broadway Bank v. Baker, 176 Mass. 294, 57 N. E. 603; Norris v. Haggin, 136 U. S. 386, 10 Sup. Ct. 942, 34 L. ed. 424; Morris v. McClary, 43 Minn. 346, 46 N. W. 238; Neibuhr v. Gage, 99 Minn. 149, 108 N. W. 884, 109 N. W. 1.  The right of the state to recover for the timber taken from this land, and the right of its officer to demand a rescale, was each a legal and not an equitable right, and founded in fact upon contract.  The permit to cut and remove the timber constituted a contract, and the right to a rescale was a necessary element thereof, because a part of the statute under which the permit was issued.  The statute fixes no time within which the rescale may be demanded, and the action to recover upon the contract would not expire for the period of six years.  And, moreover, the pith and substance of the doctrine of laches is unreasonable delay in enforcing a known right.  18 Am. & Eng. Enc. (2d ed.) 102; Bausman v. Kelley, 38 Minn. 197, 36 N. W. 333, 8 Am. St. 661.  In the case at bar there was no unreasonable delay in demanding the rescale after knowledge of the facts, and if the doctrine can be said to apply to the state in any case (36 Cyc. 910; Board of Co. Commrs. of Hennepin County v. Dickey, 86 Minn. 331, 90 N. W. 775) the absence of delay after knowledge precludes its application here.

(b) At the time of the original scale Simon Clark was the surveyor general of this logging district, and the scale of the timber was made by him or under his directions.  His term of office had expired, and, at the time of the rescale, another person occupied the

position. The demand for the rescale was made upon the new officer, and defendants contend that this was ineffectual, and that it should have been made upon Clark. If counsel's position in this respect were held to be sound, the result necessarily would be not only the embarrassment of public business, but in many instances the suspension of many official transactions before final completion, and in effect withhold the right of a new incumbent to complete the unfinished work of his predecessor in office. This is not the law. The statute authorizing the rescale required the auditor to demand the same of the surveyor general, and the demand in the case at bar was made upon the person holding the office at the time. This was a compliance with the statute. The duties imposed by law upon public officers are functions and attributes of the office, to be performed by the incumbent, though they may have been left undone by a predecessor. State v. Johnson, 111 Minn. 10, 126 N. W. 479, 480. The statutes do not require the service of a copy of the demand on the holder of the permit, and we hold that the demand was properly made and was in all things valid.

(c) Upon being informed of the incorrect scale, the auditor directed O. S. Keay, an official land examiner in his office, to proceed to the land and inquire into the merits of the information. This officer complied with directions and subsequently reported that the information was correct. Thereupon the auditor demanded the rescale and designated Keay to act with an official from the surveyor general's office in making the same. The surveyor general designated J. F. Murphy to act for his office. It is contended that the appointment of Keay for this service was invalid, for the reason that he was disqualified to serve. This is founded in the claim that, as Keay had made the preliminary investigation, he had formed an opinion, and was interested in maintaining the integrity of his report. The contention is without substantial merit. Keay was a public official, and, by his appointment to make the rescale, was charged with the performance of an official duty. He had no pecuniary interest in the subject matter. The statute expressly provides for the appointment of one holding the position he held in the service of the state, and the mere fact that he had made a pre-

liminary investigation of the quantity of timber taken from the land did not, as a matter of law, disqualify him for appointment to discharge the duty of rescaling the same. The evidence will, in no view, justify the conclusion that he acted from improper motives, or that the rescale was fraudulent or incorrect.

(d) Murphy and Keay together rescaled the timber; a "top and stump scale," the former representing the surveyor general and the latter the state auditor. It is contended by defendants that Murphy scaled one-half and Keay the other half of the land, working independently, and that the result was not the joint work of both. If this were true, a serious question might be presented. Both were appointed to make the rescale, and their labors in that behalf should completely cover the entire work. The law contemplates a full and impartial rescaling, and the one made under the mandate of the statute is final upon both the state and the permit holder, and should therefore be jointly made. But the evidence made the question, whether these parties acted independently of each other, one of fact for the trial court. The evidence tends to show that they acted and worked together, were guided by the same rule of admeasurement, and the court was justified in finding that the result was their joint effort to determine the truth. Both men were competent and qualified, and as stated there is no suggestion of fraud or collusion.

3. Murphy and Keay rescaled all the timber taken from the land, including that not covered by defendants' permit, and reported a total of 7,927,820 feet cut and removed therefrom. During the trial, the state offered and the court received evidence showing the quantity of timber thus scaled which was not included in the permit, and, in ordering judgment against defendants, the court deducted the quantity for which the lumber company was not liable under its contract. The fact that all the timber removed from the land was included in the rescale did not invalidate the same. The quantity not included in the permit was readily determinable from the evidence, and the court properly deducted the same from the judgment. Though the lumber company may have cut and removed the timber not included in the contract, it was not liable therefor in this action, and we are at a loss to discover how de-

fendants were in any way prejudiced by the action of the court. Defendants offered no evidence upon the particular question, and the findings of the court upon the issue will not bar their right to be heard thereon in any future litigation involving the question whether the lumber company wrongfully cut and removed timber it was not entitled to under the contract.

4. It is further contended that the construction given the statute in question, and the effect of the rescale, without affording defendants an opportunity to be heard before the rescalers, deprives them of their property without due process of law, in violation of the fourteenth amendment of the Federal Constitution, and, for that reason, the court below erred in ordering judgment against them. We do not sustain this contention.

This covers all that need be said. We have fully considered all the assignments of error, and discover no reason for differing with the learned trial court, and the order appealed from must therefore be affirmed.

Order affirmed.