## STATE v. BROOKS-SCANLON LUMBER COMPANY and Others.[1]

January 29, 1915.

Nos. 18,985—(12).

**Complaint construed — cutting timber on state land.**

1. A complaint alleging that one cut timber upon state lands without a permit such as is required by Laws 1895, c. 163, § 7 (R. L. 1905, § 2442), states a cause of action in trespass, though words equivalent to "wrongfully" or "wilfully" are not used; and the holder of such a permit, lawfully in possession for the purpose of cutting timber of not less than a specified size, is a trespasser in cutting timber of less than such size.

**Limitation of action.**

2. By Laws 1905, c. 204, § 43 (G. S. 1913, § 5302), all limitation upon the time for bringing suit for a trespass on state lands is removed; and the statute is applicable to the situation stated in paragraph 1 though the trespass was prior to its enactment.

**Constitution — title of act.**

3. The statute cited is not unconstitutional as in contravention of art. 4, § 27, of the Constitution providing that "no law shall embrace more than one subject, which shall be expressed in its title."

**Joint demurrer.**

4. A complaint is good against a joint demurrer if a cause of action is stated against any defendant; and a joint demurrer by the holder of a permit and his sureties on a statutory bond will be overruled if a cause of action is stated against such holder, though none is stated against the sureties.

---

[1] Reported in 150 N. W. 912.

Action in the district court for Ramsey county to recover $16,-438.42 for illegal cutting of timber under a logging permit. Defendants demurred to the complaint. From an order, Kelly, J., overruling their demurrer, defendants appealed. Affirmed.

*J. N. Searles* and *R. J. Powell,* for appellants.

*Lyndon A. Smith,* Attorney General, and *John C. Nethaway,* Assistant Attorney General, for respondent.

DIBELL, C.

The complaint alleges that in 1903 the defendant Brooks-Scanlon Lumber Co. received from the state a permit to cut "all the pine timber not less than eight inches in diameter twenty-four feet from the ground" on a school section in St. Louis county; that the defendants William O'Brien and F. W. Bonness were sureties upon the statutory bond of the company; and that in cutting the timber specified in the permit the company cut 792,782 feet from the same land, of a size less than the specified size, for which treble damages in the sum of $16,438.42 are demanded. The cutting was completed as early as May, 1905. In State v. Brooks-Scanlon Lumber Co. 122 Minn. 400, 142 N. W. 717, is reported the result of the litigation as to the timber properly cut under this permit. The defendants join in a demurrer. The demurrer was overruled and they jointly appeal.

There are involved the questions whether the action is in trespass or on contract, for if on contract it is barred by the statute of limitations; whether, if in trespass, the act of 1905 removes the bar of the statute; whether such act is constitutional; and what the effect of the joint demurrer is.

1. The complaint contains mingled allegations of a breach of a contract and of the commission of a trespass, as if it were thought to state a cause of action in contract to charge the sureties and a cause of action in trespass to avoid the bar of the statute. This unnecessary confusion is easily removed.

By Laws 1895, p. 352, c. 163, § 7 (R. L. 1905, § 2442), it is provided that whoever without a valid permit cuts timber from state lands "shall be liable in an action brought by the state in treble dam-

ages, if such trespass is adjudged to have been wilful; but in double damages, only, if such trespass is adjudged to have been casual and involuntary."

The complaint alleges that the lumber company, in violation of its permit and while cutting the timber covered by it, cut and removed 792,782 feet of timber of less size than specified in the permit. Originally the complaint used the words "wrongfully, knowingly and wilfully." These words were stricken on motion of the defendants. Without them the facts stated constitute a trespass. The only rightful cutting is with a permit. Without a permit the cutting is wrongful.

The lumber company was rightfully in possession of the school land, for the purpose of cutting the timber covered by its permit, when it cut the timber for which suit is now brought. In cutting the timber not included in the permit it was a trespasser. Everett v. Gores, 89 Wis. 421, 62 N. W. 82; Disbrow v. Westchester Hardwood Co. 17 App. Div. 610, 45 N. Y. Supp. 376; Shiffer v. Broadhead, 126 Pa. St. 260, 17 Atl. 592.

There is justification for holding the complaint to intend an action on contract, in view of its repeated allegations of a contract and its violation, and to hold the state to such theory; but we adopt the view of the trial court that the complaint is sustainable as one in trespass notwithstanding its inconsistent positions.

2. By Laws 1905, p. 273, c. 204, § 43 (G. S. 1913, § 5302), it is provided as follows:

"The statutes of this state limiting the time for bringing either civil or criminal actions shall not apply to any action brought by the state for trespass upon any of its lands, or to any criminal prosecution instituted under this chapter, and any civil action brought under this chapter may, at the election of the attorney general, be brought in any county in this state."

This statute applies to such a taking of timber as is here involved. It was enacted before the decision in State v. Buckman, 95 Minn. 272, 104 N. W. 240, 289, holding that the statute gave a penalty, and that the three years' statute of limitation applied, but after the holding of the trial court which the supreme court affirmed. Its evident

purpose was to render inapplicable the three years' limitation statute and to remove all limitation. It was not intended that its application should be limited to future trespasses.

3. The title of the act is as follows:

"An act relating to the sale of timber on state lands, defining trespass thereon and prescribing penalties therefor."

It is the contention of the defendants that this act is unconstitutional because violative of art. 4, § 27, of the Constitution which provides that "no law shall embrace more than one subject, which shall be expressed in its title."

We do not sustain this contention. The act treats of the general subject matter included in Laws 1895, p. 352, c. 163 (R. L. 1905, § 2442), relative to state lands and their products, and repeals all inconsistent acts or parts of acts. In the constitutional sense there is but one subject. The provision for a limitation is germane to the subject—something proper to be included in the statute and not foreign to its title. The title is not restrictive within the meaning of the cases. It is not a cloak for inappropriate legislation. It is held sufficient. State v. Shevlin-Carpenter Co. 99 Minn. 158, 108 N. W. 935, 9 Ann. Cas. 634; State v. Board of Co. Commrs. of Renville County, 83 Minn. 65, 85 N. W. 830; City of Crookston v. Board of Co. Commrs. of Polk County, 79 Minn. 283, 82 N. W. 586, 79 Am. St. 453; State v. Sharp, 121 Minn. 381, 141 N. W. 526; State v. Erickson, 125 Minn. 238, 146 N. W. 364.

4. A joint demurrer cannot be sustained if the complaint is good as against one of the demurring defendants. Dunnell, Minn. Pl. (2d ed.) § 275, and cases cited. The complaint was insufficient as against O'Brien and Bonness. If it intended to state a cause of action against them on contract it failed. Even if there had been a cause of action on contract it was long ago barred. Construed as an action in trespass it stated no cause of action against them. It stated a cause of action against the lumber company for a trespass and is good as against a joint demurrer.

We have endeavored to decide every point raised by the demurrer so that the parties may now try their controversy without useless uncertainty as to the law applicable.

Order affirmed.