STATE v. JOHN BRUNO.[1]

November 1, 1918.

No. 20,955.

**Robbery — charge to jury.**
    1. The charge of the trial court sufficiently stated the issues in the case.

**Same.**
    2. Robbery may be committed though no bodily harm is inflicted.

**Same.**
    3. The omission of the word "unlawful" in defining the crime of robbery is unimportant if the acts charged, if committed at all, could **not** be other than unlawful.

[1]Reported in 169 N. W. 249.

**Same — evidence of intent unnecessary.**

4. Where the evidence of robbery is that the complaining witness was bludgeoned and relieved of his money in the nighttime, intent is not an issue in the case.

**Same — assignment of error.**

5. Other objections to the charge have been examined and are *held* not well taken.

Defendant was indicted by the grand jury charged with the crime of robbery in the first degree, tried in the district court for Hennepin county before Dickinson, J., and a jury which returned a verdict of guilty as charged in the indictment. From an order denying his motion for a new trial, defendant appealed. Affirmed.

*John P. Nash, William M. Nash* and *George H. Jackson,* for appellant.

*Clifford L. Hilton,* Attorney General, *John M. Rees,* County Attorney, and *A. C. Finney,* Assistant County Attorney, for respondent.

HALLAM, J.

Defendant was convicted of the crime of robbery in the first degree. He appeals.

The claim of the state is that defendant robbed one John J. Laine. The evidence on behalf of the state is positive and is ample to sustain the conviction.

Defendant urges several errors in the court's charge to the jury.

1. It is urged that the court failed to give the jury "full and complete instruction concerning the issues of the case and what facts the state should be required to prove." The charge is short but we think it made clear to the jury what the issues were.

Defendant complains that the court did not instruct the jury that they should bring in a verdict of not guilty, if the state did not prove its case. The court did not say this in so many words, but from the charge as a whole we think the jury could not fail to understand that they must acquit if the state failed to prove guilt beyond a reasonable doubt.

2. It is urged that the court should have instructed the jury that in

order to accomplish robbery the defendant must have inflicted grievous bodily harm. This is not the statute, nor is it the law. Robbery may be committed by one armed with a dangerous weapon though no bodily harm is in fact inflicted. G. S. 1913, §§ 8635, 8636.

3. The court charged the jury as follows:

"Robbery in the first degree is where * * * money, or property or thing of value is taken from the person of another by means of force or violence or fear of immediate injury to one's person. It is first degree when the person committing the offense is armed with a dangerous weapon * * * or when the offender in order to accomplish the robbery inflicts grievous bodily harm or injury upon the person from whose person the thing is taken."

It is argued that this definition is defective because it omits the word "unlawful" as an element of the taking, whereas the "unlawful taking of personal property" is an essential element of the crime of robbery as defined by the statute. The omission of the word unlawful was, in this case, unimportant. The evidence relied on by the state was to the effect that Laine was bludgeoned and relieved of his money in the nighttime. If the jury believed this evidence false they were obliged to acquit. If the acts charged were committed at all they could not have been other than unlawful. There was accordingly no substantial error in the charge.

It is said the court should have charged that intent to steal was an essential element of the crime. Criminal intent is not necessarily an element of a crime defined by statute. State v. Quackenbush, 98 Minn. 515, 108 N. W. 953; State v. Sharp, 121 Minn. 381, 141 N. W. 526; State v. Damuth, 135 Minn. 76, 160 N. W. 196. The statute does not in terms make intent a necessary element in the crime of robbery. Whether intent is ever an issue on a trial for robbery we need not determine. If the acts charged by the state were committed there could be no issue of intent in this case. Such acts necessarily constitute robbery.

It is urged the court assumed that Laine's money was taken from him and that if an assault was committed the robbery was complete. We have examined the charge with care and conclude that it is not open to this objection.

Affirmed.