### STATE v. ERNEST O. BUHLER.[1]

April 25, 1924.

No. 23,915.

**Indictment sufficient to inform defendant of nature of accusation.**

Indictment for taking part in auditing and approving for payment a fraudulent claim against the state *held* to state the acts constituting the offense with sufficient particularity to inform the defendant of the nature and cause of the accusation against him.

Defendant was indicted by the grand jury of Aitkin county charged with the crime of knowingly taking part in the auditing and allowing of a false and fraudulent claim against the state of Minnesota, tried in the district court for that county before Wright, J., who overruled the demurrer to the indictment and certified to the supreme court the questions specified in the first paragraph of the opinion. Affirmed.

*L. T. Mahaney* and *Thomas D. O'Brien*, for appellant.

*Clifford L. Hilton*, Attorney General, and *G. A. Youngquist*, Assistant Attorney General, and *D. A. Scott*, County Attorney, for respondent.

[1]Reported in 198 N. W. 543.

TAYLOR, C.

Defendant was indicted for taking part in auditing and allowing a false and fraudulent claim against the state. The trial court overruled a demurrer to the indictment, but certified the following two questions to this court:

(1) Do the facts stated in the indictment constitute a public offence?

(2) Does the indictment state the acts constituting the offence charged with sufficient particularity to inform defendant of the nature and cause of the accusation against him?

The first question is practically conceded to depend upon the answer to the second and the briefs and arguments are directed to that.

The indictment, after setting forth that defendant had been employed and appointed by the state board of relief to act as its agent in directing the expenditure of state funds in the purchase of materials and supplies for the relief of persons who suffered from fires in Aitkin county in September, 1921, and in auditing and approving for payment out of such funds the claims for the materials and supplies so furnished; and that defendant had wilfully, knowingly and feloniously taken part in auditing and allowing a false and fraudulent claim made by one George H. Anderson against the state for 12 tons of hay at $12 per ton amounting to the sum of $144, by certifying to the correctness of the claim and approving it for payment; and that it had been paid by the issuance of a warrant to Anderson by the state auditor for the sum of $144, then charged:

"That said claim and demand was false and fraudulent in that the full and true value of the materials sold and delivered to the state of Minnesota and described and charged for in said claim and demand was seventy-two ($72.00) dollars and no more, and that the part and portion of said claim and demand in excess of said sum of seventy-two ($72.00) dollars was a false and fraudulent claim, demand and overcharge against the state of Minnesota, for which no materials has been furnished or delivered, nor services rendered to or for the state of Minnesota, and was not a lawful charge against

the state of Minnesota, and that said George H. Anderson, or any one claiming by, through or under him, was not at any time or in any manner whatsoever entitled to receive or collect from the state of Minnesota any sum whatsoever upon or in connection with said claim and demand in excess of the sum of seventy-two ($72.00) dollars, all of which facts and circumstances were then and there well known to said Ernest O. Buhler."

The particular objection urged against the indictment is that it fails to show whether the charge that the claim was fraudulent is based on the fact that the quantity of hay delivered was less than the quantity stated in the claim, or on the fact that the value of the hay was less than the price charged for it. An indictment is sufficient if it informs the accused of the charge against him with sufficient certainty to enable him to prepare his defense. State v. Sharp, 121 Minn. 381, 141 N. W. 526; State v. Smith, 153 Minn. 167, 190 N. W. 48. The indictment shows that the claim audited and approved for payment by defendant was for the sum of $144 for 12 tons of hay and states:

"That said claim and demand was false and fraudulent in that the full and true value of the materials sold and delivered to the state of Minnesota and described and charged for in said claim and demand was seventy-two ($72.00) dollars and no more."

We think the indictment informed defendant of the nature and cause of the charge against him with sufficient particularity to enable him to prepare his defense. We answer both questions in the affirmative, and the ruling of the trial court is affirmed and the cause remanded for further proceedings.