## STATE v. IOWA BONDING & CASUALTY COMPANY AND ANOTHER.[1]

April 17, 1930.

No. 27,666.

*Cobb, Hoke, Benson, Krause & Faegre* and *George D. McClintock,* for appellant.

*G. A. Youngquist,* Attorney General, and *James E. Markham,* Deputy Attorney General, for the state.

DIBELL, J.

Action to recover the amount of the unpaid purchase price of timber sold by the state to the A. C. Johnson Lumber Company

[1]Reported in 230 N. W. 484.

of Bemidji. There was judgment for the state against the defendant Iowa Bonding & Casualty Company, the surety, and it appeals.

On February 21, 1919, the A. C. Johnson Lumber Company and the state entered into a written contract commonly called a timber permit, whereby the company agreed to remove certain timber and to pay in accordance with the terms of the contract. The defendant Iowa Bonding & Casualty Company became surety for the A. C. Johnson Company. The bond recited the granting of the permit and was conditioned that the company "shall faithfully comply with all the terms and conditions of said permit, and any duly granted extensions thereof, and shall fully perform the terms thereof and shall keep, perform and obey all the requirements of law in respect to such timber sales, and shall pay to the state all such sums of money as shall accrue to it under said permit." On October 15, 1921, the lumber company defaulted in the payment of the amount then due. This action was brought in January, 1929, more than six years after the default and more than six years after the limitation of G. S. 1923 (2 Mason, 1927) § 9191, for the breach of actions on a contract or other obligation.

By G. S. 1923 (2 Mason, 1927) § 9186, it is provided that the statute of limitations for bringing actions shall apply to actions brought by or in behalf of the state.

By L. 1917, p. 458, c. 323, § 1, L. 1925, p. 325, c. 276, § 37, 1 Mason, 1927, § 6394-37, it is provided:

"The statutes of this state limiting the time for bringing either civil or criminal actions shall not apply to any action brought by the state for trespass upon any of its lands, or for violating any of the terms of the permit under which timber is removed from state lands, or for failure to pay the state for all the timber removed under any such permit, or to any criminal prosecution instituted under this act. Any civil action brought under this act may, at the election of the attorney general, be brought in any county in this state."

By 1 Mason, 1927, § 6394-17, in force when this contract was made, G. S. 1923, § 6364. it was provided that a provision shall be

contained in the permit to the effect that the statute shall not prevent the bringing of an action growing out of any violation of any provision, civil or criminal, of the statute, and no statute of limitations shall so operate. Such a provision was inserted in the permit to the Johnson company.

The statutes quoted remove all limitations upon the time for bringing suit for a trespass on state lands. State v. Brooks-Scanlon Lbr. Co. 128 Minn. 300, 150 N. W. 912. Their effect must equally be to prevent any limitation as to bringing an action to recover the amount due for timber taken.

We then have a case where the contractor with the state has defaulted, and the statute of limitations has not and will not run against the state and in his favor. More than six years have elapsed since suit might have been brought against the surety. The surety undertakes to insure the performance of the contract. So far as here necessary to be shown, the terms of the surety contract are stated in paragraph one. The surety contracted with the statute in force, and the contract provided that there should be no limitation. We are of the view that so long as the statute has not run against the one purchasing from the state and so long as the liability of the purchaser continues, the surety is liable on the bond and consequently the defendant surety is without a defense.

Judgment affirmed.