[Crim. No. 3071.   Second Appellate District, Division Two.—March 10, 1938.]

## THE PEOPLE, Respondent, v. FRANK AVANZI, Appellant.

Gladys Towles Root for Appellant.

U. S. Webb, Attorney-General, and Walter Bowers, Deputy Attorney-General, for Respondent.

McCOMB, J.—From a judgment of guilty of violation of section 288a of the Penal Code after trial before the court without a jury defendant appeals.   There is also a purported appeal from the sentence.

Viewing the evidence most favorable to the People (respondent) the facts in the instant case are:

September 20, 1937, while in a state of voluntary intoxication, defendant committed an act prohibited by section 288a of the Penal Code upon a female eight years of age.

Defendant relies for reversal of the judgment on the following proposition:

*Defendant was not guilty of the offense of which he was convicted, because at the time of the alleged offense he was in a state of voluntary intoxication.*

This proposition is untenable. An act committed by a person while in a state of voluntary intoxication is none the less criminal by reason of his having been in such condition. (*People* v. *Burkhart,* 211 Cal. 726, 731 [297 Pac. 11].) Whenever the actual existence of any particular purpose, motive or intent is a necessary element to constitute any particular species or degree of crime, the fact that the accused was intoxicated at the time may be taken into consideration by the trier of fact in determining the purpose, motive or intent with which the act was committed. (Pen. Code, sec. 22.)

Section 288a of the Penal Code reads as follows:

"Any person participating in the act of copulating the mouth of one person with the sexual organ of another is punishable by imprisonment in the state prison for not exceeding fifteen years."

It is clear that no particular purpose, motive or intent is a necessary element of the crime described. Therefore in the present case it was immaterial whether defendant was intoxicated or not at the time he committed the prohibited act.

An appeal does not lie from the sentence. (*People* v. *Arrangoiz,* 24 Cal. App. (2d) 116 [74 Pac. (2d) 789]; *People* v. *Freeman,* 24 Cal. App. (2d) 619 [75 Pac. (2d) 640].) Therefore the purported appeal from the sentence is dismissed.

The judgment is affirmed.

Crail, P. J., and Wood, J., concurred.