## STATE v. HENDRICKS

No. 8008.   Decided June 15, 1953.   (258 P. 2d 452.)

See 23 C. J. S., Criminal Law, sec. 1217. Homicide in connection with negligence in operation of an automobile. 26 Am. Jur., Homicide, sec. 215; 99 A. L. R. 756.

*Grant Macfarlane,* Salt Lake City, for appellant.

*E. R. Callister, Jr.,* Atty. Gen., for respondent.

PER CURIAM.

James L. Hendricks was convicted by a jury of involuntary manslaughter.

This appeal challenges the propriety of giving two instructions to which he took due and timely exception. These are:

### Inst. 11

"Mere negligence is not sufficient to justify a verdict of involuntary manslaughter. * * * If you believe from the evidence *beyond a reasonable doubt,* that the defendant was *not* driving his automobile recklessly or unlawfully or with a marked disregard for the safety of others, and that such manner of driving was not the proximate cause of the accident, then you will not be justified in bringing in a verdict of guilty."

### Inst. 12

"* * * If you believe from the evidence *beyond a reasonable doubt,* that the defendant was suddenly confronted with the situation of peril which he could not avoid, then you are instructed to bring in a verdict of not guilty." (Emphasis added.)

It is elementary that in criminal cases the State has the burden of proving every essential element of the crime beyond a reasonable doubt. Both as to the proof of the

State's case, and as to matters of defense, all that is necessary to entitle the defendant to an acquittal is that there exist a reasonable doubt as to his guilt. And this is so whether the defendant offers any evidence or not. Instead of indulging the defendant with his presumption of innocence, the burden was shifted upon him to prove facts showing his innocence beyond a reasonable doubt. This was prejudicial error.[1]

The fact that elsewhere in the instructions the jury were correctly instructed on the presumption of innocence does not cure the instant error. Although the instructions are to be considered as a whole, where they are in irreconcilable conflict, they could but confuse or mislead the jury.[2]

Reversed, with directions to grant a new trial.

---

[1]*State* v. *Laris*, 78 Utah 183, 2 P. 2d 243.

[2]*Jensen* v. *Utah Railroad Co.*, 72 Utah 366, 270 P. 349; *State* v. *Waid*, 92 Utah 297, 67 P. 2d 647.