282 P.2d 1045

STATE of Utah, Plaintiff and Respondent,

v.

Charles TURNER, Defendant and Appellant.

No. 8319.

Supreme Court of Utah.
April 29, 1955.

Charles Turner, pro se. D. H. Oliver, Salt Lake City, for appellant.

E. R. Callister, Jr., Atty. Gen., for respondent.

WORTHEN, Justice.

The defendant was convicted of the crime of sodomy and appeals.

Defendant claimed the defense of alibi. The only testimony offered concerning the offense was given by the victim and her husband. The testimony established that Cecil George Williams and his wife Fern were retiring for the night to a bed near the shack in which they lived, at about 10 p. m., on July 11, 1954, when the defendant armed with a shotgun and under the influence of intoxicating liquor demanded that Mrs. Williams, age 15, submit to the detestable crime which was accomplished under his threat to shoot both Mr. and Mrs. Williams, and with the gun at her husband's back while the crime was consummated.

The court instructed on the material facts in the case and defendant has taken no issue as to the sufficiency of the evidence to establish the commission of the crime charged. Recital of the nauseating details would serve no purpose. The appellant first assigns as error the giving of the following instruction:

"In this case there has been testimony introduced to the effect that the accused, the defendant Charles Turner, was under the influence of intoxicating liquor at the time that the alleged offense took place, and you are instructed as follows:

"That while voluntary intoxication is neither an excuse nor a defense, yet, if you find from the evidence *beyond a reasonable doubt* that the defendant was intoxicated to the extent that he was mentally incapable of forming an intent to commit the act of sodomy on the person of Fern Williams, and because of such intoxicated condition he

was incapable of forming an intent to commit the act, then you should find the defendant not guilty of the offense charged." (Italics ours.)

If defendant was entitled to an instruction on the defense of intoxication, it certainly was improper to cast upon him the burden of proving *beyond a reasonable doubt* that he was intoxicated to the extent that he was incapable of forming an intent to commit the act charged.[1] But we are of the opinion that the defendant was not entitled to the instruction given, or any instruction upon the point covered. Sec. 76–1–22, U.C.A.1953 provides:

"No act committed by a person while in a state of voluntary intoxication is less criminal by reason of his having been in such condition. But whenever the actual existence of any particular purpose, motive or intent is a necessary element to constitute any particular species or degree of crime, the jury may take into consideration the fact that the accused was intoxicated at the time in determining the purpose, motive or intent with which he committed the act."

It is our opinion that the second portion of the section has no application to the crime here involved. No particular intent is a necessary element of the offense. In the case of People v. Avanzi,[2] the defendant was charged with having committed the offense of sex perversion and

claimed that he was not guilty because at the time of the alleged offense he was in a state of voluntary intoxication. In denying the defendant's contention the California Court used this language:

"It is clear that no particular purpose, motive, or intent is a necessary element of the crime described. Therefore in the present case it was immaterial whether defendant was intoxicated or not at the time he committed the prohibited act."

The California statute, Sec. 22, Penal Code, with respect to the effect of intoxication is identical with our statute set out above.

Since the defendant was not entitled to any instruction exonerating him because of his claimed voluntary intoxication, he cannot successfully charge error to the court in giving that instruction and requiring defendant to establish his defense thereunder by proof beyond a reasonable doubt. The offense with which defendant was charged could not have been committed by accident or while intending to do some other act. The testimony justifies the conclusion that the defendant intended to do just what he did. His every act and word showed the presence of a well formed and well carried out intent to ultimately accomplish what he started out to accomplish.

The instruction given did favor defendant and did authorize the jury to exonerate him.

1. State v. Hendricks, Utah, 258 P.2d 452.

2. 25 Cal.App.2d 301, 77 P.2d 237, 238.

■ Defendant also assigns as error the refusal of the court to instruct on the defense of intoxication. From what has been said above, that request was properly refused.

We therefore find no merit to any error assigned. Judgment affirmed.

McDONOUGH, C. J., and HENRIOD and WADE, JJ., concur.

CROCKETT Justice (concurring).

I concur for the reason that under the facts shown the defendant was not entitled to an instruction on intoxication as a defense. Therefore, the instruction which was given, although obviously erroneous, was not prejudicial and did not deprive him of a full and fair presentation of the issues to the jury.

There are many acts which are not criminal unless they are accompanied by a specific wrongful intent. For instance, one may take the property of another by mistake or with consent without being guilty of a crime. It is only the taking *with intent to steal* which constitutes larceny. One may similarly enter the dwelling of another without committing crime. Burglary requires that the entering be *with an intent to steal or commit a felony therein.* Signing another's name may be no crime, but doing so *with intent to defraud* makes the act forgery. In these and numerous other crimes a "particular purpose, motive or intent is a necessary element" within the meaning of the statute [1] quoted in the main opinion, and intoxication which would raise a reasonable doubt as to whether an act was done *with the required intent* would be a defense. However, with respect to the crime here charged it is the *doing of the act* which constitutes the crime *without regard to the intent* with which it is done. In such cases intoxication would be a defense only if it existed to such a degree that it might raise a reasonable doubt that the defendant was aware that he was *doing the act*. The jury were instructed that the defendant could not be found guilty unless they believed from the evidence beyond a reasonable doubt that he voluntarily *did the act*. Their having so found, in my view, necessarily presupposes that he was aware what he was doing, because under the circumstances here in question the act committed could not otherwise have been accomplished. The defense interposed by the defendant himself was that of alibi. The only evidence of his being under the influence of liquor came from the other witnesses and under no reasonable view could it be considered sufficient to raise a reasonable doubt as to his capacity to know that he was *doing the act* charged. I therefore concur in affirming the judgment for the reason that under the facts of this case no instruction on drunkenness was justified.

1. Section 76–1–22, U.C.A.1953.