## STATE v. HERBERT C. ANDERSON.

134 N. W. (2d) 12.

March 12, 1965—No. 39,417.

412

*Daniel T. Cody* and *James E. Garrity,* for appellant.

*Robert W. Mattson,* Attorney General, *Linus J. Hammond,* Assistant Attorney General, and *Vance N. Thysell,* County Attorney, for respondent.

THOMAS GALLAGHER, JUSTICE.

Defendant, Herbert C. Anderson, appeals from a judgment of conviction for the crime of sodomy entered against him in the District Court of Clay County on October 4, 1963. The conviction was based upon defendant's plea of guilty to such crime as charged in an information dated June 21, 1963.

It is defendant's contention that the court should not have accepted this plea and should have entered a plea of not guilty on his behalf since at the time his plea was entered he had clearly disclosed to the court that he had been intoxicated at the time of the crime and had not realized exactly what he was doing, thereby establishing that there was no intent on his part to commit it. He further contends that when he was interrogated by the court in his presentence examination, he had not been questioned with respect to the facts set forth in the in-

formation nor required to give testimony concerning his guilt as required by Minn. St. 243.49.[1]

On June 21, 1963, after his arrest on June 18, 1963, for the crime described, defendant appeared for arraignment in the District Court of Clay County. The following proceedings then took place:

"MR. OLSON [assistant county attorney]. If the Court please, this is the case of the State of Minnesota against Herbert C. Anderson, this defendant being charged with the crime of sodomy. The county attorney's office has prepared a criminal information charging the defendant with such crime, and I will move his arraignment at this time. The defendant has no attorney to represent him.

"THE COURT. Does he have any funds or property to employ counsel in his own behalf?

"MR. OLSON. It is my information that the defendant is without funds, and this being a felony I suppose there will have to be an appointment.

"THE COURT. Very well. Mr. Goodwin L. Dosland, I am appointing you as counsel for this defendant.

"MR. DOSLAND. Very well, your Honor.

\* \* \* \* \*

"Q. [By the court] Do you wish to come in here today and plead to this charge that has been lodged against you \* \* \*?

[1]Minn. St. 243.49 provides in part: "The clerk of every court by which a convict shall be sentenced to the state prison or a state reformatory shall furnish to the officer or person having such convict in charge a record containing a copy of the indictment and plea, the name and residence of the judge presiding, of the prosecuting officer, of the convict's attorney, of the jurors, and of the witnesses sworn on the trial, the charge of the court, the verdict and the sentence, \* \* \* together with the convict's statement under oath, if obtainable from him, as to his true name, his residence, \* \* \* dates, places and causes of prior convictions, and the event thereof, and, in cases in which the convict pleads guilty, his testimony concerning his guilt; to which shall be attached, in all cases, the impressions of the trial judge as to the mental and physical condition of the convict, \* \* \* which record, duly certified by such clerk may be used as evidence against such convict in any proceeding for release taken by habeas corpus."

"A. Yes, sir. I will plead guilty to it. I was really drinking when this happened.

"THE COURT. Well, never mind about that now. You are charged in this information with a felony and the county attorney informs me that you are not financially able to employ counsel, an attorney. Is that right?

"A. Yes, sir.

\* \* \* \* \*

"THE COURT. I am appointing Mr. Goodwin L. Dosland here as your attorney. The clerk will now read the information in conformity with the statute.

"Whereupon the information was read as follows:

" 'I, Vance N. Thysell, County Attorney for said County, hereby inform the Court that on the eighteenth day of June in the year 1963, at said County Herbert C. Anderson did wilfully, wrongfully and unlawfully and feloniously carnally know a male person, to-wit: one Daniel Smith, age eight \* \* \* contrary to the form of the statute in such case made and provided, the same being section 617.14, said acts constituting sodomy, and against the peace and dignity of the State of Minnesota.'

\* \* \* \* \*

"MR. OLSON. May the record show that I have furnished a copy of this information to the defendant here in open court.

"THE COURT. \* \* \* We will adjourn this matter until Mr. Dosland has had an opportunity to confer with the defendant and advise him as to his rights."

On July 1, 1963, defendant appeared in court with his counsel and the following proceedings occurred:

"MR. THYSELL. Your Honor, this is the case of the State of Minnesota against Herbert C. Anderson on a charge of sodomy. The defendant was before this Court on the twenty-first day of June, 1963, at which time Mr. Goodwin L. Dosland was appointed as his attorney \* \* \*.

\* \* \* \* \*

"MR. DOSLAND. That is right, your Honor. Since that time I

have gone over the matter with the defendant quite thoroughly and advised him of the whole situation, which he understands. He is ready to plead at this time. He admits the offense, saying by way of explanation that he was drunk on wine at the time, and that is the only way he can explain it. He claims that he has no prior criminal record. Possibly we should have a pre-sentence investigation.

\* \* \* \* \*

"MR. THYSELL. There has been no plea yet.

\* \* \* \* \*

"MR. DOSLAND. I would suggest a pre-sentence investigation. He can enter his plea here now.

"THE COURT. Do you think it is proper for him to plead to this charge at this time?

"MR. DOSLAND. Yes, your Honor.

"THE COURT. Mr. Anderson, you have heard what your attorney has just said. Do you wish to enter a plea to this charge of sodomy at this time?

"A. Yes, sir.

"THE COURT. What plea do you wish to enter, guilty or not guilty?

"A. Guilty.

"THE COURT. You are telling us by that plea that you did as you are charged in this information with doing, is that right?

"A. Yes, sir.

"THE COURT. The plea of guilty is received.

\* \* \* \* \*

"THE COURT. I think there should be a pre-sentence investigation. The defendant will be remanded to the custody of the sheriff until a later date."

On October 4, 1963, the following proceedings took place in district court, at which time defendant and his counsel were present:

"MR. DOSLAND. May it please the Court in this case \* \* \* against Herbert C. Anderson, the defendant appeared before this court on the first day of July, 1963, and entered a plea of guilty to the of-

fense set forth in this information, at which time a pre-sentence investigation was ordered by this court, which I understand has been made * * *.

"THE COURT. Yes.

"MR. DOSLAND. Before sentencing by the Court I would like to have an opportunity of making a statement.

*     *     *     *     *

"THE COURT. You may make your statement now.

"MR. DOSLAND. Mr. Anderson is an unmarried man. * * * He had been working in Alexandria and work got slack there and he came here in an effort to find work. Unfortunately he started drinking wine and for four days got on a wine drunk, you might say, and did not realize exactly what he was doing when this offense occurred. He can't remember much about it. I discussed it with him fully and he admitted to me that he is an alcoholic and needs help * * *. Is that right, Mr. Anderson?

"A. [defendant] Yes, sir.

"MR. DOSLAND. He has no past record of any kind, there is no history of any occurrence of this nature * * *. I don't think that incarceration would be necessary in this case. I discussed the matter at several conferences with the county attorney and I would request and recommend to the Court that this defendant be committed to the Commissioner of Corrections but retained here in the county jail until the commissioner determines what institution would be best for this man. * * * There is a provision for that in the statute * * *. You would like to have some remedial treatment, is that right Mr. Anderson?

"A. Yes, sir.

"MR. OLSON. I believe this man should have a psychiatric evaluation, and I would suggest that the Court make it a part of this order that he be given an examination to determine his needs.

*     *     *     *     *

"THE COURT. Is the defendant willing to be sworn and answer any questions asked him?

*     *     *     *     *

"A. [defendant] Yes, sir."

Following this, the customary questions as to defendant's background, education, religious affiliation, and employment were asked of defendant. He admitted that he had been convicted of drunkenness on a few occasions, and he also expressed the feeling that psychiatric treatment would be of benefit to him. No questions were asked of him with respect to the charge contained in the information. The court thereupon imposed sentence as follows:

"It is the judgment and sentence of this Court that you, Herbert C. Anderson, as punishment for the crime of sodomy, more particularly defined by Section 617.14 MSA, for which offense you have been duly informed against by the county attorney of Clay County, Minnesota, and to which you have now duly entered your plea of guilty and of which you are adjudged guilty, be committed to and confined in a penal institution to be designated by the Commissioner of Corrections, at hard labor, until duly released therefrom by operation of law or act of the proper authorities."

1. Minn. St. 1961, § 610.09, in effect prior to September 1, 1963, provided in part:

"No act committed by a person while in a state of voluntary intoxication shall be deemed less criminal by reason of his condition, but when the actual existence of any particular purpose, motive, or intent is a necessary element to constitute a particular species or degree of crime, the fact of his intoxication may be taken into consideration in determining such purpose, motive, or intent."[2]

On a number of occasions we have held that a man under the influence of intoxicating liquors is presumed to know, intend, and remember the criminal acts which he does while so intoxicated to the same extent as would a man not influenced by intoxicants. Stabs v.

---

[2]Although this section was repealed by the Criminal Code of 1963 (L. 1963, c. 753, § 17), the code contains substantially the same provision. Minn. St. 609.075 provides: "An act committed while in a state of voluntary intoxication is not less criminal by reason thereof, but when a particular intent or other state of mind is a necessary element to constitute a particular crime, the fact of intoxication may be taken into consideration in determining such intent or state of mind."

City of Tower, 229 Minn. 552, 565, 40 N. W. (2d) 362, 371; State v. Welch, 21 Minn. 22, 28. Here, Minn. St. 617.14,[3] under which defendant was charged and convicted, does not specify intent or any particular state of mind on the part of an accused as a necessary element to constitute the offense of sodomy as described therein. Accordingly, under the provisions of Minn. St. 1961, § 610.09, defendant's intoxication at the time of the crime would not constitute a valid defense thereto, nor was the court required to take it into consideration in determining defendant's intent or state of mind at the time of the offense described. Thus, in State v. Bruno, 141 Minn. 56, 58, 169 N. W. (2d) 249, 250, we held:

"* * * Criminal intent is not necessarily an element of a crime defined by statute. State v. Quackenbush, 98 Minn. 515, 108 N. W. 953; State v. Sharp, 121 Minn. 381, 141 N. W. 526; State v. Damuth, 135 Minn. 76, 160 N. W. 196. The statute does not in terms make intent a necessary element in the crime of robbery. Whether intent is ever an issue on a trial for robbery we need not determine. If the acts charged by the state were committed there could be no issue of intent in this case. Such acts necessarily constitute robbery."

In other jurisdictions this principle has been applied in cases involving crimes such as that here. See, People v. Avanzi, 25 Cal. App. (2d) 301, 77 P. (2d) 237; State v. Turner, 3 Utah (2d) 285, 282 P. (2d) 1045.

2. At the time defendant entered his plea of guilty to the crime charged against him in the information, the latter had already been read to him, and it cannot be doubted that he understood its plain language, which detailed the crime and the specific nature of the charge against him. At no time did he deny his guilt or suggest any valid defense to the accusation. His only statement with respect thereto was: "I

---

[3]Minn. St. 617.14 provides: "A person who carnally knows in any manner any animal or bird, or carnally knows any male or female person by the anus or by or with the mouth, or voluntarily submits to such carnal knowledge; or attempts sexual intercourse with a dead body, is guilty of sodomy, and is punishable with imprisonment in the state prison for not more than 20 years * * *."

will plead guilty to it. I was really drinking when this happened." It is true that his counsel, after advising the court that defendant wished to enter a plea of guilty, had stated: "He admits the offense, saying by way of explanation that he was drunk on wine at the time, and that is the only way he can explain it"; and that later at the presentence hearing his counsel had stated that defendant had been "drinking wine and for four days got on a wine drunk * * * and did not realize exactly what he was doing when this offense occurred" and that he "can't remember much about it." Taking into consideration all such statements, as well as the provisions of Minn. St. 1961, § 610.09, it seems clear that the statements fall far short of indicating to the court that defendant might have such a valid defense to the crime with which he was charged as to impose upon the court the duty to refuse to accept his plea of guilty and instead to enter a plea of not guilty on his behalf. Accordingly, the case is distinguishable from State v. Jones, 267 Minn. 421, 127 N. W. (2d) 153, and State ex rel. Dehning v. Rigg, 251 Minn. 120, 86 N. W. (2d) 723, relied upon by defendant; and State v. Olson, 270 Minn. 329, 133 N. W. (2d) 489. In those cases statements made by the respective defendants at the time their pleas of guilty were entered clearly manifested to the court that each might have a valid defense to the accusation against him, thus imposing upon the court in each instance the duty of entering a plea of not guilty on his behalf.

3. We do not agree with defendant's contention that the court's failure to obtain from him postsentence testimony concerning his guilt as specified in Minn. St. 243.49 constituted a fatal defect in the proceedings. Section 243.49 in substance requires such a statement for the purpose of providing a record as "evidence against such convict" in any proceeding for his "release taken by habeas corpus." The failure to receive such testimony here after defendant's plea of guilty would have no bearing upon his conviction, and it is doubtful whether such testimony would have informed anyone as to his actual conduct at the time of the offense to any greater degree than the detailed charges set forth in the information which was read to him and to which he entered a plea of guilty.

Affirmed.