STATE v. CHARLES D. ANNIS.

192 N. W. (2d) 419.

December 3, 1971—No. 42091.

*C. Paul Jones,* State Public Defender, and *Roberta K. Levy* and *Rosalie E. Wahl,* Assistant State Public Defenders, for appellant.

*Warren Spannaus,* Attorney General, *John M. Mason,* Solicitor General, and *Paul J. Tschida,* Special Assistant Attorney General, for respondent.

Heard before Knutson, C. J., and Otis, Rogosheske, and Peterson, JJ.

PER CURIAM.

Defendant, convicted of the crime of burglary contrary to Minn. St. 609.58, subd. 2(1)(a), appeals from the judgment of conviction.

We hold that the evidence supports the jury's finding of guilt and that the instructions under which the jury deliberated were proper. The principal issue at trial was defendant's intent to commit the crime. The evidence adduced by defendant concerning the extent of his drinking does not itself compel a finding that he was too intoxicated to form the requisite criminal intent, State v. Corrivau, 93 Minn. 38, 100 N. W. 638 (1904); State v. Anderson, 270 Minn. 411, 134 N. W. 2d 12 (1965); and based upon the observations of the arresting officers and defendant's planning and execution of the crime during the period of his asserted intoxication, the jury could most reasonably conclude that he knew what he was doing.

We hold, also, that the trial court did not err in denying defendant's motions for change of venue in the face of print and broadcast publicity before and during the trial. Prior to trial defendant had pleaded guilty, as a result of a plea bargain under which a separate charge with respect to a sexual offense with a teenage girl was to be dropped, but after a succession of motions to withdraw and reinstate a plea of not guilty, he was ordered to stand trial. The details of the plea bargaining and his initial plea of guilty were reported in a factual and noninflammatory manner in the local news media in Blue Earth County, the place of trial. Defendant's pretrial motion for a change of venue based on this publicity was denied. It appears that upon examination of prospective jurors those selected either had not read or did not recall the publicity. Although defendant again moved for change of venue when similar publicity occurred during a 5-day recess in the trial, defendant did not undertake a poll of the jury for the purpose of ascertaining whether any juror read the offending article, an initiative which in State v. O'Donnell, 280 Minn. 213, 158 N. W. 2d 699 (1968), we said rested with defendant and not the court. The trial court did, however, give the jury a cautionary instruction that they were to put aside anything they may

have read or heard from any source and were to base their decision only on the evidence heard here on the witness stand and no other source.

The trial court has broad discretion in deciding whether or not to grant a change of venue, State v. Ellis, 271 Minn. 345, 136 N. W. 2d 384 (1965). Absent any showing of actual bias, State v. Shevchuk, 282 Minn. 182, 163 N. W. 2d 772 (1968), or real likelihood of prejudice, cf. State v. Thompson, 266 Minn. 385, 123 N. W. 2d 378 (1963), we do not hesitate to affirm the trial court's exercise of its judicial discretion.

Affirmed.